UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ALBERT BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:05-CV-211-RLY-WGH |
| | ) | |
| MARK A. BEZY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**E N T R Y**

This action for a writ of habeas corpus was dismissed through an Entry and Judgment entered on the clerk's docket on September 22, 2005. This disposition has been followed by the filing on October 19, 2005, of petitioner Brown's motion for leave to proceed *in forma pauperis* and his request for preliminary injunction, together with an affidavit in support of the request for a preliminary injunction.

The materials just described do not acknowledge the disposition of the action. To consider these materials would be to suppose that a claim still exists here, but that is not the case. *See Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir. 1992) ("It is well settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment has been set aside or vacated."). Furthermore, the petitioner's renewed concerns deal with the question of his medical care, which is not a proper subject for resolution through an action for a writ of habeas corpus. Additionally, the request for a preliminary injunction includes the fatal flaw of seeking that relief while the petitioner exhausts administrative remedies on the subject. Because the exhaustion of available administrative remedies is required by 42 U.S.C. § 1997e(a) prior to the filing of the lawsuit, the relief sought by the petitioner could not be granted at this point. *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004) ("Ford's real problem . . . is timing.  Section 1997e(a) says that exhaustion must precede litigation.  "No action shall be brought" until exhaustion has been completed . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.")(internal citations omitted).

On the basis of the foregoing, therefore, the petitioner's motion for leave to proceed *in forma pauperis* and his request for preliminary injunction, each filed on October 19, 2005, are each **denied.**

**IT IS SO ORDERED.**

Date: 11/18/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Albert Brown
Reg. No. 10924-040
United States Penitentiary
P.O. Box 12014
Terre Haute, IN 47808